IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| ANTHONY RANSOM | : | NO. 10-798-01 |

MEMORANDUM

Bartle, J.                                                         June 22, 2021

The court has before it the motion of Anthony Ransom for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I

On March 9, 2010, Ransom arrived at Luzerne Residential Reentry Center ("LRRC") in Philadelphia, where he was to serve the remainder of a federal sentence for bank robbery. He did not return after leaving the LRRC for work on June 27, 2010. On August 26, 2010, Ransom turned himself in to the Federal Bureau of Investigation. In the months he was missing from the LRRC, he had robbed four more banks.

On December 9, 2010, a federal grand jury returned a five-count indictment against Ransom in connection with his escape from the LRRC and the additional four bank robberies. See 18 U.S.C. § 751(a) and 2113(a). Ransom pleaded guilty to the four bank robbery charges on February 2, 2011. The Government withdrew the charge for escape.

On July 29, 2011, this court sentenced Ransom to 163 months of imprisonment and a three-year term of supervised release. The court classified him as a "Career Criminal" under § 4B1.1 of the United States Sentencing Guidelines ("USSG"). This was his twelfth conviction as an adult. A 2003 state conviction for simple assault and a 2004 federal conviction for bank robbery were among the prior eleven convictions.

Ransom is currently confined at the Federal Correctional Institute in Memphis, Tennessee ("FCI Memphis"). He has served approximately 126 months of his sentence. Taking into account 16 months of credit for good time, the Government anticipates that Ransom will be released on September 9, 2022.

On August 14, 2020, Ransom submitted a request for compassionate release to the warden at FCI Memphis on the ground that his medical conditions — asthma and Meniere's Disease — constituted an extraordinary and compelling reason for his release under 18 U.S.C. § 3582(c)(1)(A)(i) in light of the coronavirus pandemic. The warden denied his request.

Ransom, who is 54 years old, tested positive for COVID-19 on December 31, 2020. He was asymptomatic and was deemed recovered on January 11, 2021. He received the first and second doses of the Moderna COVID-19 vaccine on February 4, 2021 and March 4, 2021. On April 21, 2021, after his vaccination, Ransom submitted to the court his motion for compassionate

release.  He did not disclose in his motion that he was fully inoculate against COVID-19.

II

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act ("FSA"), Pub. L. No. 115-391, 132 Stat. 5239 (Dec. 21, 2018) provides in relevant part:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>> (i) <u>extraordinary and compelling reasons</u> warrant such a reduction . . .
>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

(emphasis added).  At the direction of the Congress, the Sentencing Commission identified what are to be considered "extraordinary and compelling reasons" for compassionate release.  28 U.S.C. § 994(t).  It issued a policy statement which provides that a court may reduce a term of imprisonment if, after considering applicable factors set forth in 18 U.S.C. § 3553(a), the court determines that:  (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; (3) and "the reduction is consistent with this policy statement." USSG § 1B1.13.  The Commission specifically identified "extraordinary and compelling" reasons in Application Note 1 to USSG § 1B1.13 which provides in relevant part:

>**1. Extraordinary and Compelling Reasons.**-- Provided the defendant [is not a danger to the safety of any other person or to the community under 18 U.S.C. § 3142(g)], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>>**(A) Medical Condition of the Defendant.**--
>>
>>(i) The defendant is suffering from a terminal illness. . . . (ii)(I) <u>suffering from a serious physical or medical condition</u>, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process
>>
>><u>that substantially diminishes the ability of the defendant to provide self-care</u>

><u>within the environment of a correctional facility and from which he or she is not expected to recover.</u>

(emphasis added).

A defendant has the burden to show his or her circumstances warrant compassionate release. See, e.g., <u>United States v. Neal</u>, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020); <u>United States v. Adeyemi</u>, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020).

III

As noted above, Ransom seeks compassionate release on the ground that his asthma and Meniere's Disease, in light of the coronavirus pandemic, constitute "extraordinary and compelling reasons" that warrant a reduction of his sentence under § 3582(c)(1)(A)(i).

The Government agrees Ransom has exhausted his administrative remedies. It concedes Ransom's medical records show he has asthma and Meniere's Disease. The Government adds after reviewing Ransom's medical records that he is also obese. The Government argues, however, that while Ransom's asthma and obesity increase the risk of severe illness from COVID-19, they do not constitute "extraordinary and compelling reasons" for his release because he was fully inoculated against COVID-19.

The Government includes results from a follow-up study of 44,000 participants who received Pfizer's COVID-19 vaccine.

The study found that the vaccine is 91.3% effective against the COVID-19 infection and 100% effective against severe disease resulting from the COVID-19 infection. The Government also includes results from a study reported on April 28, 2021 by the Centers for Disease Control ("CDC") that found the efficacy rate of the Pfizer and Moderna vaccines is approximately 94%. This study shows effectiveness even in groups particularly vulnerable to severe outcomes. Significantly, the CDC also reports that the Pfizer and Moderna vaccines are remarkably effective at not only limiting infection but also limiting severe illness and death among the few who become infected despite being vaccinated.

The Government argues accordingly that absent some shift in the scientific consensus, Ransom's vaccination against COVID-19 precludes a finding that his medical condition is an "extraordinary and compelling" reason to grant compassionate release in light of the COVID-19 pandemic. The Government further asserts that Ransom should not be granted compassionate release even if he was not yet vaccinated because of the seriousness of his crimes and the risk of danger he poses to the community.

The court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus poses for Ransom and all others in prison. However,

the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease. See United States v. Roeder, 807 Fed. App'x. 157, 160-61 (3d Cir. 2020). The Bureau of Prisons, including FCI Memphis, has in place protocols to deal with this disease, and the Attorney General has issued two directives to the Bureau of Prisons which have resulted in the early release of thousands of particularly vulnerable inmates.

The court acknowledges that Ransom has asthma and is obese, which the CDC recognize as risk factors for more serious illness from COVID-19. However, Ransom has been inoculated against COVID-19 with a vaccine proven extremely effective at limiting the COVID-19 infection and all but eliminating the risk of severe disease for those few who contract COVID-19 after being vaccinated. Further, Ransom was infected with COVID-19 before he was vaccinated and was asymptomatic. Under these circumstances, the court concludes Ransom's asthma and obesity do not constitute an extraordinary and compelling reason that justifies his release under 18 U.S.C. § 3582(c)(1)(A)(i).

Moreover, § 3582(c)(1)(A) requires the court to consider the "factors set forth in § 3553(a) to the extent they are applicable" before reducing Ransom's sentence. These factors include the need to: "reflect the nature and circumstances of the offense and the history and characteristics

of the defendant;" "reflect the seriousness of the offense;" "promote respect of the law;" and "afford adequate deterrence to criminal conduct." The court must also determine whether Ransom is a danger to the safety of any other person or to the community under § 3142(g).

Ransom fled from a halfway house while completing a sentence on a prior federal conviction for bank robbery. While missing from the halfway house, he robbed four more banks. He had eleven state and federal convictions before committing these crimes. Two of these convictions were for violent offenses. Releasing him now would not appropriately reflect the nature and circumstances of his offense, promote just punishment, afford adequate deterrence to criminal conduct, or protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a). Further, Ransom has not established that he is not a danger to the safety of any other person or to the community under § 3142(g). His criminal history illustrates he is not deterred from further criminal conduct.

The court, taking all the relevant facts into consideration, particularly his inoculation against COVID-19, finds that Ransom has not established extraordinary and compelling reasons that warrant compassionate release. Accordingly, the court will deny the motion of Anthony Ransom for compassionate release under 18 U.S.C. § 3582(c)(1)(A).